F I L E D
United States Court of Appeals
Tenth Circuit

AUG 24 1999

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

WILBERT L. NUBINE,

        Petitioner-Appellant,

v.

TOM C. MARTIN,

        Respondent-Appellee.

No. 98-6418
(D.C. No. 97-CV-146)
(W.D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **TACHA** , **KELLY** , and **BRISCOE** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner Wilbert L. Nubine, proceeding pro se, seeks a certificate of appealability to appeal the district court's denial of his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. On de novo review, the district court adopted the magistrate judge's recommendation to deny the petition. Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Therefore, we deny issuance of a certificate of appealability and dismiss this appeal.

Petitioner was convicted by an Oklahoma state jury of first degree murder. He was sentenced to life in prison. The parties are familiar with the underlying facts; we do not repeat them here.

On appeal, petitioner argues that the following errors deprived him of his constitutional rights: (1) prosecutorial misconduct during closing argument at his state court trial, (2) ineffective assistance of trial and appellate counsel, and (3) the prosecution's failure to reveal the identity of a witness who heard someone else confess to the killing. Petitioner also complains that the federal district court refused to permit discovery.

The magistrate judge denied petitioner's discovery requests because he did not establish "good cause" for discovery, as required by Rule 6(a) of the Rules Governing Section 2254 cases. See Bracy v. Gramley , 520 U.S. 899, 908-09 (1997) ("good cause" for discovery established "where specific allegations before

the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief") (quotation omitted). We find no abuse of discretion in the district court's denial of petitioner's discovery requests. See LaFevers v. Gibson, No. 98-6302, 1999 WL 394508, at *17 (10th Cir. June 16, 1999) (discovery rulings on "good cause" in habeas cases reviewed for abuse of discretion).

The underlying habeas petition was filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996. Pursuant to the applicable version of 28 U.S.C. § 2254,

> a state prisoner will be entitled to federal habeas corpus relief only if he can establish that a claim adjudicated by the state courts "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Further, "a determination of a factual issue made by a State court shall be presumed to be correct." That presumption of correctness is rebuttable only "by clear and convincing evidence."

Boyd v. Ward, 179 F.3d 904, 911-12 (10th Cir. 1999) (quoting 28 U.S.C. § 2254(d) & (e)(1)).

We have carefully reviewed petitioner's appellate brief and appendix, the magistrate judge's report and recommendation, the district court's order, and the entire record on appeal. For substantially the reasons stated in the magistrate judge's July 31, 1998 report and recommendation, and the district court's September 24,

1998 order, we determine that petitioner has not made a substantial showing of the denial of a constitutional right and is not entitled to a certificate of appealability. See 28 U.S.C. § 2253(c).

The application for a certificate of appealability is DENIED. Petitioner's motions to supplement the record on appeal are DENIED. This appeal is DISMISSED. The mandate shall issue forthwith.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge